IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JOSEPH BATEMAN III,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:15-cr-00092-DB<br><br>District Judge Dee Benson |

This matter is before the Court on Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(a). (Dkt. No. 80.) The motion has been fully briefed. (Dkt. Nos. 80, 85, 86.) For the reasons stated herein, Defendant's motion is denied.

## BACKGROUND

In 2015, Defendant Joseph Bateman III was charged with (1) Possession of Methamphetamine with Intent to Distribute and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; (2) Possession of a Firearm in Furtherance of Drug Trafficking, in violation of 18 U.S.C. § 924(c); and (3) Felon in Possession of Firearms, in violation of 18 U.S.C. § 922(g)(1). On March 3, 2016, pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, Defendant pled guilty to the § 841(a)(1) charge and agreed to a 120-month (10 year) prison sentence in exchange for the government dropping the two other criminal counts. (Dkt. Nos. 61, 62.) On May 26, 2016, this court sentenced Defendant to 120 months imprisonment and 60 months supervised release. (Dkt. No. 67.)

Defendant, who is 37 years old, is currently serving his sentence at the federal correctional institution in Sheridan, Oregon ("FCI Sheridan"). As of the date of Defendant's

Motion, Defendant has served approximately five years and five months of incarceration. With Good Time credit, Defendant has a projected release date of August 13, 2023 and is eligible for home detention on February 13, 2023. (Dkt. No. 82.)

On July 13, 2020, Defendant filed the present motion, asking this court for a compassionate release sentence reduction based on his health conditions and the threat posed by the current COVID-19 pandemic. (Dkt. No. 80.) Defendant seeks to be immediately released from FCI Sheridan to stay with his mother and sister.

## DISCUSSION

It is well-established that a "district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)). Title 18 U.S.C. § 3582(c) permits a court to modify a term of imprisonment upon motion for compassionate release if certain conditions are met. Previously, only the Bureau of Prisons (BOP) could bring such a motion on a defendant's behalf. However, in 2018 the compassionate release statute was amended by the First Step Act. Now, a defendant may file his own motion for relief if "(1) he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf." *United States v. O'Brien*, 2020 WL 4260630, *2 (D. Kan. July 24, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)).

Once a defendant has satisfied the administrative requirements, the district court may reduce the defendant's term of imprisonment if, "after considering the factors set forth in Section

3553(a) to the extent they are applicable,"[1] the court finds that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's applicable policy statement is found in U.S.S.G. § 1B1.13. *United States v. Fitzpatrick,* 2020 WL 4219789, *3 (D. Kan. July 23, 2020). As pertinent here, this policy statement provides that the court may reduce a term of imprisonment, after considering the § 3553(a) factors, if (1) "[e]xtraordinary and compelling reasons warrant the reduction," and (2) "[t]he defendant is not a danger to the safety of any other person or the community," and (3) "[t]he reduction is consistent with this policy statement." *Id.*

Application Note 1 to § 1B1.13 provides that extraordinary and compelling reasons exist "under any of the [four] circumstances set forth" in subdivisions (A) through (D). Subdivision (A) provides that the medical condition of a prisoner may qualify for compassionate release if (i) he is suffering from a terminal illness, or (ii) he is suffering from a serious physical or medical condition that "substantially diminishes" his ability to provide self-care within the prison and he is not expected to recover. U.S.S.G. § 1B1.13 application note 1(A). Subdivision (B) applies to age, which is not applicable to the present motion. Subdivision (C) provides that a defendant's family circumstances may justify compassionate release if (i) the caregiver of the defendant's minor children dies or becomes incapacitated, or (ii) the defendant's spouse or registered partner

---

[1] The sentencing factors in 18 U.S.C. § 3553(a) include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense the promote respect for the law, and to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant effective training and treatment; (3) the kinds of sentences available; (4) the kinds of sentences and sentencing range applicable to the category of offense committed; (5) any pertinent policy statements; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims.

becomes incapacitated and the defendant is the only available caregiver for that person. U.S.S.G. § 1B1.13 application note 1(C). Subdivision (D) supplies a "catchall" provision which provides that compassionate release may be warranted for "an extraordinary and compelling reason other than, or in combination with, the reasons described in" the other subdivisions. U.S.S.G. § 1B1.13 application note 1(D).

It is the defendant's burden to establish that a "compassionate release" is warranted under the statute. *United States v. Wesley*, 2020 WL 3868901, *1 (D. Kan. July 9, 2020); *see also United States v. Bright*, 2020 WL 473323, at *1 ("extraordinary and compelling" imposes a heavy burden on a defendant seeking relief under Section 3582(c)(1)(A)). The court exercises its discretion in ruling on such a motion. *Wesley*, 2020 WL 3868901, at *1 (citing *United States v. Piper*, 839 F.3d. 1361, 1265 (10th Cir. 2016)).

In the present motion, Defendant Bateman argues that compassionate release is necessary and appropriate in his case because his underlying health conditions render him likely to suffer permanent bodily injury or death if he contracts the COVID-19 virus. Specifically, Defendant maintains that he suffers from obesity, hypertension, heart disease, mild global hypokinesis (decreased heart wall motion), and arrhythmia (irregular heartbeat), all of which he argues put him at an increased risk from COVID-19. Defendant also argues that his family circumstances warrant a sentence reduction, as his release would allow him to help his mother care for Defendant's grandfather who is elderly and suffers from diabetes.

The government, in opposition, contends that Defendant has failed to show extraordinary and compelling reasons for his release because FCI Sheridan currently has minimal spread of COVID-19, and because the threat of future COVID-19 contraction, even with Defendant's underlying health conditions, does not establish that Defendant has an *existing* serious medical

condition from which he is not expected to recover. In addition, the government asserts that even if Defendant has demonstrated "extraordinary and compelling" reasons, a sentence reduction would not be appropriate in this case because Defendant remains dangerous to the community and the § 3553(a) sentencing factors disfavor Defendant's release.

The Court agrees and finds that Defendant has failed to establish that "extraordinary and compelling reasons" support a reduction in his sentence. Defendant has not presented any evidence to show that his medical conditions are not sufficiently under control at FCI Sheridan. Indeed, the medical records provided by Defendant show that his conditions are currently being monitored and treated by the BOP Health Services. *See* Dkt. No. 81, Ex. 1.); *see also United States v. Hinton*, 2020 WL 5057602, at *2 (D. Utah Aug. 27, 2020) (denying the defendant's motion to reduce his sentence where, "although Defendant suffer[ed] from asthma and several other health issues, he ha[d] presented no evidence that any of his medical conditions [we]re not well under control despite being incarcerated"); *see also United States v. Davis,* 2020 WL 3037249, at *3 (D. Kan. June 5, 2020) (finding that the defendant's medical conditions, "while chronic, appear[ed] to be well-controlled within the BOP environment," and that "[w]hile his medical conditions may place him at some increased risk of complication should he be infected with Covid-19," these concerns "do not rise to the level of extraordinary and compelling reasons"). Under the circumstances, the mere possibility that Defendant may contract COVID-19 at FCI Sheridan in the future does not qualify as an extraordinary and compelling reason for his release.

Defendant's argument that his family circumstances warrant relief is similarly unpersuasive. Defendant contends that his release would allow him to help his mother care for her father, who is elderly and suffering from diabetes. (Dkt. No. 80 at 13.) However, the

Sentencing Commission's guidelines only provide for a possible reduction for family circumstances where a prisoner's minor children, spouse, or registered partner need a caregiver. *See* U.S.S.G. § 1B1.13 application note 1(C). Defendant's grandfather being ill does not qualify as an extraordinary or compelling reason for Defendant's release.

Even if the Court were to find that extraordinary and compelling reasons existed to justify a sentence reduction, the Court would nonetheless deny Defendant's motion because the applicable § 3553(a) factors do not weigh in favor of a sentence reduction in this case, and because Defendant has failed to establish that he will not be a danger to his community if released. Defendant's criminal history is significant, and Defendant's offense in this case was serious. He was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement, in which the parties' carefully considered the particular facts of this case. Defendant pled guilty to the § 841(a)(1) charge and agreed to a 120-month prison sentence in exchange for the government dropping two other criminal counts, including a charge of using and carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c). Given the circumstances of this case, reducing Defendant's sentence to just over five years would fail to reflect the seriousness of the offense, promote respect for the law, provide just punishment, or deter similar criminal conduct by the Defendant or others. *See* 18 U.S.C. § 3553(a)(2).

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Compassionate Release (Dkt. No. 80) is hereby DENIED.

DATED this 10th day of September, 2020.

BY THE COURT:

Dee Benson
United States District Judge